■ GEORGE R. HOFFMAN et al., Respondents, v. LEE NASHEM MOTORS, INC. et al., Appellants.— Order granting plaintiffs' motion for summary judgment, and judgment entered pursuant to said order, affirmed, with $50 costs and disbursements to respondents. Promissory notes made by the corporate defendant and guaranteed by its president, defendant Nashem, are claimed to be usurious on the ground that they represented loans by plaintiff Hoffman to Nashem at unlawful rates of interest. It hardly suffices to defeat summary judgment by merely stating, as Nashem does, that Hoffman " knew that the loans were being made to me individually, but requested that the promissory notes be executed by the corporate defendant and endorsed by me." It is true that the check for one of the loans, although transferred by Nashem to the corporate account, was made payable to him individually. But Hoffman's version of the reason is not rebutted. Concur — Botein, P. J., McNally and Steuer, JJ.; Rabin, J., dissents in the following memorandum: I dissent and vote to reverse the order granting summary judgment in favor of the plaintiff. The issue in this case is whether the notes were usurious. That issue can only be determined by deciding whether the loans, upon which the notes rest, were made to the corporate defendant or the individual defendant. As to that, I believe the defendants have raised triable issues of fact. If we accept the defendant's version of the facts, with respect to the $16,000 note, we must find usury whether we apply Connecticut law or New York law. As evidence supporting the assertion of the defendants that the loan was made to the individual they point to the check which was given in connection with that loan as being made payable to Lee Nashem, the individual defendant. That, in and of itself, requires explanation and presents a triable issue. That the check was indorsed over to the corporation is not decisive on this motion for summary judgment. It merely points to the issue to be tried. If trial should be granted on the $16,000 and the $1,000 note, such trial should encompass the $18,250 note, because the defendants may be able to prove that it was part of one series of transactions.